**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DONICHA MCCANN-CROSS,

                Plaintiff,

      vs.

CORAS WELLNESS AND BEHAVIORAL
HEALTH, a Delaware Limited Liability
Company

              Defendant.

Civil Action No: K24C-10-014

**DEFENDANT CORAS WELLNESS AND
BEHAVIORAL HEALTH'S
NOTICE OF REMOVAL**

Defendant CORAS Wellness and Behavioral Health ("CORAS" or "Defendant") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, to remove an action pending against CORAS in the Superior Court of the State of Delaware, based on the District Court's jurisdiction under 28 U.S.C. § 1331. In support of removal, CORAS states as follows:

**<u>Grounds for Removal</u>**

1. CORAS exercises its rights under 28 U.S.C. § 1441 to remove this civil action from the Superior Court of the State of Delaware, in which this action is now pending under the name of McCann-Cross v. CORAS Wellness and Behavioral Health, No. K24C-10-014 (the "State Action"), to the United States District Court for the District of Delaware. A copy of all process, pleadings, and orders docketed in the State Action, including a true and correct copy of Plaintiff Donicha McCann-Cross's ("Plaintiff" or "McCann") Complaint, is attached hereto as Exhibit A.

2. 28 U.S.C. § 1441, which establishes when an action is removable, sets forth in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

3.      Removal is proper because, as explained below, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 – Federal question.

4.      The United States District Court for the District of Delaware is the proper court for removal because the State Action is pending in the Superior Court of the State of Delaware, a state court within the District of Delaware.  *See* 28 U.S.C. § 1441(a); *id.* § 87.

## Case Background

5.      On or about October 18, 2024, Plaintiff filed a Complaint (the "Complaint") against CORAS in the Superior Court of the State of Delaware, alleging that she had experienced a hostile work environment, racism, and sexism while employed by CORAS. The Complaint did not include any legal theory under which Plaintiff may recover, other than the bald assertion that "Plaintiff has the right to sue from the DOL in Delaware."

6.      Shortly after learning the court believed Defendant had been served with the Complaint, CORAS filed Defendant's Motion to Dismiss the Complaint or, in the Alternative, for a More Definite Statement on or about January 15, 2025 (the "Motion to Dismiss").

7.      Subsequently, on or about January 30, 2025, Plaintiff filed a Response to Defendant's Motion to Dismiss (the "Response"). The Response repeated many of the same bare allegations as those included in the Complaint and for the first time introduced Title VII of the Civil Rights Act of 1964 ("Title VII") as the statute allegedly violated by Defendant, although it did not indicate which provision of Title VII, if any, had allegedly been violated.

2

SL1 2632619v1 007562.00245

**Federal Question**

8.    A civil action brought in a state court may be removed to the appropriate district court of the United States if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).

9.    District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10.    If a civil action includes both a claim arising under federal law and "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," the entire action is nonetheless removable so long as the action would have been "removable without the inclusion" of the claim not within the district court's jurisdiction. 28 U.S.C. § 1441(c)(1).

11.    Prior to initiating the State Action, Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor, in which she listed Title VII and the Delaware Discrimination in Employment Act (the "DDEA") as the laws applicable to this case (although her subsequent Complaint did not specify which, if either of these theories, she was asserting).

12.    Title VII is a federal law, codified in 42 U.S.C. § 2000e. Therefore, the United States District Court for the District of Delaware has federal question jurisdiction over Plaintiff's civil action arising under Title VII. *See* 28 U.S.C. § 1331.

13.    The Court also has jurisdiction over Plaintiff's claim arising under the DDEA. Plaintiff's civil action would be removable without the inclusion of Plaintiff's claim arising under the DDEA. *See* 28 U.S.C. § 1441(c)(1). Accordingly, Plaintiff's entire civil action is removable to the United States District Court for the District of Delaware. *See id.*

SL1 2632619v1 007562.00245

**<u>Removal Is Timely</u>**

14.     Generally, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . ."  28 U.S.C. § 1446(b)(1).

15.     However, "if the case stated by the initial pleading" was not removable but later became removable, then "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

16.     On or about October 18, 2024, Plaintiff filed the Complaint, which was devoid of any legal theory under which Plaintiff could recover, other than a brief mention of Plaintiff's "right to sue from the DOL in Delaware."

17.     Accordingly, CORAS could not have ascertained that this case was removable under federal question jurisdiction from the initial pleading.

18.     On or about January 30, 2025, Plaintiff filed the Response. The Response was the first filing in which Plaintiff first stated that her claims against CORAS arise under Title VII. Therefore, CORAS first ascertained that this case was removable upon receipt of the Response.

19.     As such, this Notice of Removal is timely because it has been filed less than thirty days following receipt of the Response.

**<u>All Other Procedures for Removal Have Been Satisfied</u>**

20.     Attached as Exhibit A is a copy of all process, pleadings, and orders docketed in the State Action, as of the date the Notice of Removal was filed.  *See* 28 U.S.C. § 1446(a).

21.     Plaintiff has been provided with a prompt written notice of this Notice of Removal.  *See id.* § 1446(d).  A true and correct copy of this Notice of Notice of Removal and Certificate of Service is attached hereto as Exhibit B.

22.     CORAS is the only defendant, so no additional defendant consents are required under 28 U.S.C. § 1446(b)(2)(A).

23.     CORAS will file with the Superior Court of the State of Delaware a copy of this Notice of Removal promptly after filing in this Court.  *See id.* § 1446(d).

24.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense, including, without limitation, by way of a motion to dismiss or any pre-answer motion under Fed. R. Civ. P. 12.

WHEREFORE, Defendant CORAS hereby removes this action from the Superior Court of the State of Delaware, to the United States District Court for the District of Delaware.


Dated:  February 11, 2025              */s/ Stacey A. Scrivani*_____
                                       Stacey A. Scrivani (6129)
                                       Stevens & Lee, P.C.
                                       919 N. Market Street, Suite 1300
                                       Wilmington, DE 19801
                                       T: 302-425-3306
                                       E: stacey.scrivani@stevenslee.com

                                       *Counsel for Defendant CORAS Wellness and*
                                       *Behavioral Health.*

SL1 2632619v1 007562.00245

<u>**CERTIFICATE OF SERVICE**</u>

I, STACEY A. SCRIVANI, ESQUIRE, certify that I served a true and correct copy of the foregoing Notice of Removal upon the following individual by via Federal Express this 11th day of February, 2025, addressed as follows:

> Donicha McCann-Cross
> 433 Northdown Dr.
> Dover, DE 19904
> Tel: (516) 615-1352
> Email: ncrosscod@gmail.com
> *Pro-Se Plaintiff*

> */s/ Stacey A. Scrivani*_____
> Stacey A. Scrivani (6129)

> *Counsel for Defendant CORAS Wellness and Behavioral Health.*

6

SL1 2632619v1 007562.00245